**GORLICK, KRAVITZ & LISTHAUS, P.C.**
**Andrew A. Gorlick (AG8707)**
**Joy K. Mele (JM0207)**
**17 State Street, 4th Floor**
**New York, New York 10004**
**agorlick@gkllaw.com**
**jmele@gkllaw.com**
**Tel. (212) 269-2500**
**Fax (212) 269-2540**
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| **MASON TENDERS DISTRICT COUNCIL OF** | : | |
| **GREATER NEW YORK, MASON TENDERS** | : | |
| **DISTRICT COUNCIL WELFARE FUND,** | : | |
| **PENSION FUND, ANNUITY FUND, TRAINING** | : | |
| **FUND, HEALTH AND SAFETY FUND, and** | : | **1:15 Civ. 09807 (PKC)** |
| **DOMINICK GIAMMONA, as FUNDS'** | : | |
| **CONTRIBUTIONS/DEFICIENCY MANAGER,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **- against –** | : | |
| | : | |
| **EXTERIOR WALL AND BUILDING** | : | |
| **CONSULTANTS, INC., CONSTRUCTION AND** | : | |
| **REALTY SERVICES GROUP INC., DOMANI** | : | |
| **CONSULTING, INC., and DOMANI** | : | |
| **INSPECTION SERVICES, INC.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

-------------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 1

STANDARD OF REVIEW .......................................................................................... 4

ARGUMENT .............................................................................................................. 6

      I.       Defendants Cannot Assert an Actionable Claim to Obtain a Refund of
              Contributions ...................................................................................... 6

      II.     Defendants have not Stated, and Cannot State, a Viable Cause of
              action for Indemnification .................................................................. 11

      III.    Defendants Should Not Be Permitted to Replead ................................. 15

CONCLUSION ......................................................................................................... 16

## TABLE OF AUTHORITIES

**CASES**

UNITED STATES SUPREME COURT

*Ashcroft v. Iqbal*,
556 U.S. 662, (2009)............................................................................... 5
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................. 6
*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S. Ct. 1377, 1391 (2014) …………………………………………………………..5

FEDERAL COURTS WITHIN THE SECOND CIRCUIT

*Alster v. Goord*,
2008 WL 506406 (S.D.N.Y. Feb. 26, 2008)............................................. 5
*Am. Fed'n of Musicians and Employers' Pension Fund v. Atl. Recording Corp.*,
2016 U.S. Dist. LEXIS 112434 (S.D.N.Y. Aug. 23, 2016) ....................................... 16
*Amalgamated Cotton Garment & Allied Indus. Ret. Fund v. Youngworld Stores Group, Inc.*,
2001 U.S. Dist. LEXIS 3666 (S.D.N.Y. Mar. 30, 2001) ............................................. 5
*AmTrust N. Am., Inc. v. Safebuilt Ins. Servs.*,
2015 U.S. Dist. LEXIS 162515 (S.D.N.Y. Dec. 1, 2015) ................................... 13-14
*Bricklayers & Allied Craftworkers Local 2, Albany v. C.G. Yantch Inc.*,
316 F. Supp.2d 130 (N.D.N.Y. 2003).................................................................... 8, 9
*Brown v. Health Care & Retirement Corp. of Am.*,
25 F.3d 90 (2d Cir. 1994)..................................................................................... 7
*Burgis v. Dep't of Sanitation City of New York*,
2014 U.S. Dist. LEXIS 44759 (S.D.N.Y. Mar. 31, 2014) ....................................... 4, 5
*Campers World Int'l v. Perry Ellis Int'l, Inc.*,
2002 U.S. Dist. LEXIS 14909 (S.D.N.Y. Aug. 13, 2002)........................................ 14
*Chen v. Antel Communs.*,
 *LLC*, 653 F. App'x 43 (2d Cir. 2016)......................................................................... 2
*Cuoco v. Moritsugu*,
222 F.3d 99 (2d Cir. 2000)................................................................................... 15
*Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp.*,
2005 U.S. Dist. LEXIS 4301, at *39 (S.D.N.Y. Mar. 17, 2005) ........................ 11, 12
*DiVittorio v. Equidyne Extractive Industries*,
822 F.2d 1242 (2d Cir. 1987)............................................................................. 15
*Dumac v. Forestry Serv., Inc. v. Int'l Bhd. of Elec. Workers*,
814 F.2d 79 (2d Cir. 1987)................................................................................... 7, 9
*Durso v. Cappy's Food Emporium, Ltd.*,
2006 U.S. Dist.  LEXIS 90967 (E.D.N.Y. 2006).................................................... 7-8

*Frank L. Ciminelli Constr. Co. v. Buffalo Laborers Supplemental Unemployment Benefit Fund,*
976 F.2d 834 (2d Cir. 1992).............................................................................. 7, 9, 10
*Hayden v. Cnty. of Nassau,*
180 F.3d 42 (2d Cir. 1999)...................................................................................... 15
*Heffernan v. iCare Mgmt., LLC,*
356 F. Supp. 2d 141 (D. Conn. 2005)........................................................................ 8
*In re Lululemon Sec. Litig.,*
14 F. Supp. 3d 553 (S.D.N.Y. 2014)........................................................................... 5
*Jay v. OMI Corp.,*
1988 US Dist. LEXIS 1701 (S.D.N.Y. Mar. 7, 1988) ............................................... 13
*Jordan v. Madison Leasing Co.,*
596 F. Supp. 707, 709 (S.D.N.Y. 1984)..................................................................... 12
*Kingdom 5-KR-41, Ltd. v. Star Cruises PLC,*
2002 U.S. Dist. LEXIS 4636 (S.D.N.Y. Mar. 20, 2002) .......................................... 14
*Makarova v. United States,*
201 F.3d 110, 113 (2d Cir. 2000).............................................................................. 4
*Mathis v. United Homes, LLC,*
607 F. Supp. 2d 411 (E.D.N.Y. 2009) ................................................................. 12-13
*Miller v. United Welfare Fund,*
72 F.3d 1066 (2d Cir 1995)................................................................................... 8, 9
*O'Connor v. Lowe's Home Ctrs., Inc.,*
2015 U.S. Dist. LEXIS 14335 (N.D.N.Y. Feb. 6, 2015) .......................................... 14
*OneBeacon Am. Ins. Co. v. Comsec Ventures Int'l, Inc.,*
2010 U.S. Dist. LEXIS 1193 (N.D.N.Y. Jan. 7, 2010).............................................. 14
*Quintel Corp., N.V. v. CITIBANK, N.A.,*
1984 U.S. Dist. LEXIS 15069, (S.D.N.Y. 1984).................................................. 12, 13
*Republic of Ecuador v. ChevronTexaco Corp.,*
376 F. Supp. 2d 334 (S.D.N.Y. 2005)......................................................................... 5
*Robinson v. Overseas Military Sales Corp.,*
21 F.3d 502 (2d Cir. 1994) ........................................................................................ 4
*Solomon v. Saril Apparel,*
1993 U.S. Dist. LEXIS 14189 (S.D.N.Y. 1993)........................................................ 15
*Spagnola v. Chubb Corp.,*
264 F.R.D. 76 (S.D.N.Y. 2010) .................................................................................. 2
*Tuff-N-Rumble Mgmt, Inc. v. Sugarhill Music Publ'g. Inc.,*
49 F.Supp.2d 673, 6777 (S.D.N.Y. 1999) ............................................................... 4, 5
*Xin Wei Lin v. Chinese Staff & Workers' Ass'n,*
527 F. Appx. 83 (2d Cir. 2013)................................................................................... 6

OTHER FEDERAL COURTS

*Award Service, Inc. v. Northern California Retail Clerks,*
763 F.2d 1066, 1069 (9th Cir. 1985) .......................................................................... 9
*Bakerstown Container Corp. v. Intl. Bhd. of Teamsters, etc.,*
884 F.2d 105 (3d Cir. 1989)....................................................................................... 7

*Board of Trustees v. D'Elia Erectors*,
17 F.Supp.2d 511 (E.D. Va. 1998) .......................................................................... 10
*Connors v. Hallmark & Son Coal Co.*,
935 F.2d 336 (D.C. Cir. 1991) ................................................................................ 10
*Construction Indus. Retirement Fund v. Kasper Trucking*,
10 F.3d 465 (7th Cir. 1993) .................................................................................... 11
*McCaffrey v Rex Motor Transp., Inc.*,
672 F.2d 246 (1st Cir. 1982) .................................................................................... 7

NEW YORK STATE COURTS

*Lehr Assoc. Consulting Engrs., LLP v Daikin AC (Ams.) Inc.*,
133 A.D.3d 533 (1st Dept. 2015) ............................................................................ 14
*Mas v. Two Bridges Assocs.*,
75 N.Y.2d 680 (N.Y. 1990) .............................................................................. 12, 13
*Miloscia v. B.R. Guest Holdings, LLC*,
94 A.D.3d 563 (1st Dep't 2012) ............................................................................. 14
*Raquet v. Braun*,
90 N.Y.2d 177 (N.Y. 1997) .................................................................................... 13
*Rosado v. Proctor & Schwartz, Inc.*,
66 N.Y.2d 21 (N.Y. 1985) ..................................................................................... 12
*Trustees of Columbia Univ. v. Mitchell/Giurgola Assoc.*,
109 A.D.2d 449 (1st Dept. 1985) ........................................................................... 12

**STATUTES**

29 U.S.C. § 1103(c)(1) ............................................................................................. 7
29 U.S.C. § 1103(c)(2)(A) ........................................................................................ 7
29 U.S.C. § 186 ........................................................................................................ 6

**RULES**

Federal Rule of Civil Procedure Rule 12(b)(6) .................................... 1, 2, 5, 6, 7, 11
Federal Rule of Civil Procedure Rule 12(b)(1) ................................... 1, 4-5, 6
Federal Rule of Civil Procedure Rule 9(b) ............................................ 15
Individual Rules of Practice, Rule 4(A)(1) ............................................ 15

## PRELIMINARY STATEMENT

Plaintiffs Mason Tenders District Council of Greater New York ("Union"), Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Fund, Health and Safety Fund ("Funds") and Dominick Giammona ("Giammona") as Funds' Contributions/Deficiency Manager (collectively, "Plaintiffs") submit this memorandum of law in support of their motion, pursuant to Federal Rules of Civil Procedure Rules 12(b)(6) and 12(b)(1), to dismiss the counterclaims asserted by defendants Exterior Wall and Building Consultants, Inc. ("Exterior Wall"), Construction and Realty Services Group Inc. ("CR Services"), Construction Realty Safety Group Inc. ("CR Safety"), Domani Consulting, Inc. ("Domani Consulting"), and Domani Inspection Services, Inc. ("Domani Inspection") (collectively, "Defendants") in their First Amended Answer with Affirmative Defenses and Counterclaims in this action.

## STATEMENT OF FACTS[1]

On December 16, 2015, Plaintiffs commenced this action to, *inter alia*, recover delinquent fringe benefit contributions, dues checkoffs and Political Action Committee ("PAC") contributions from Defendants for the period of April 1, 2011 through September 30, 2014. Defendant Exterior Wall is a member of the Building Contractors Association, Inc. ("BCA"). As a member of the BCA, Exterior Wall, and the other Defendants as alter egos of Exterior Wall, are bound by the collective bargaining agreements entered into between the BCA and the Union covering the periods of July 1, 2010 through June 30, 2014 ("2010 Agreement" or "2010 CBA") and July 1, 2014 through June 30, 2018 ("2014 Agreement" or "2014 CBA") (collectively, the "Agreements" or the "CBAs"). Doc. 1, ¶¶15-17; Doc. 52, Counterclaim, ¶3.

---

[1] The facts alleged in the Counterclaims are deemed true only for purposes of this motion to dismiss.

1

The Agreements require employers to make fringe benefit contributions and remit dues checkoffs and PAC contributions for *all* hours of covered work performed by Mason Tenders. *See* 2010 Agreement, annexed hereto as Exhibit 1 to the Declaration of Joy K. Mele. [2]  Nothing in the Agreements permits an employer to make contributions for anything other than all hours of covered work performed by its employees. *Id.*, Article VI, pp. 23-27.

The Agreements provide that Plaintiffs have the right to audit Exterior Wall's books and records to determine whether Exterior Wall has paid all required fringe benefit contributions, dues checkoffs and PAC contributions. Doc. 1, ¶18; Ex. 1, Article VI, Section 18(a), pp. 31-32. Pursuant to the Agreements, the Funds' auditors performed an audit of Exterior Wall's and CR Safety's books and records for the period of April 1, 2011 through September 30, 2014 ("Audit"), and issued a report setting forth the Audit findings ("Audit Report").  Doc. 1, ¶23. The Audit found that Defendants failed to make contributions for all the hours of work performed by "Site Safety Managers" and "Fire Safety Managers" (collectively, "Safety Managers") hired and employed by Defendants.  *Id.*, ¶24; Doc. 52, Counterclaims, ¶¶4, 8.

Defendants dispute the Audit findings and claim that while the Safety Managers were union members, they "were not employed by Exterior Wall as laborers and did not perform any work for Exterior Wall covered by any collective bargaining agreements." Doc. 52, Counterclaim, ¶¶ 4-5, 9.  Defendants state, without explanation, that it was their "understanding" that the Safety Managers could maintain their benefits "despite the fact that they were not performing work

---

[2] On a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court may consider "materials outside the record … if: (1) the document is integral to the complaint; (2) no dispute exists regarding the authenticity or accuracy of the document; and (3) there exist no material disputed issues of fact regarding the relevance of the document." *Chen v. Antel Communs.*, LLC, 653 F. App'x 43, 43-44 (2d Cir. 2016) (citations and quotations omitted).  Additionally, "[i]n deciding a motion to dismiss, the Court may consider documents attached as exhibits to the complaint or incorporated into the complaint by reference, documents that are integral to the plaintiff's claims, even if not explicitly incorporated by reference, and matters of which judicial notice may be taken."  *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 84 (S.D.N.Y. 2010).

covered by any collective bargaining agreement." *Id.*, ¶6. Defendants admit they made contributions to the Funds on behalf of the Safety Managers, and that said contributions were, upon information and belief, in excess of $400,000. *Id.*, ¶7. They claim they made the contributions "for the sole purpose of ensuring that the Union members employed by Exterior Wall as Site Safety Managers and Fire Safety Managers could maintain their benefits, even though they did not perform covered work." *Id.*, ¶9.[3] Defendants now seek a return of all the contributions paid for the Safety Managers during the relevant period.  Doc. 52, Counterclaim, ¶11.

Defendants also claim that Plaintiffs were aware that Defendants paid contributions on behalf of the Safety Managers even though these employees were not performing covered work. *Id.*, ¶¶10-11. They claim the issue came up in negotiations leading to the settlement of a prior action between Plaintiffs and Exterior Wall, and that the prior action was settled "with the Funds knowingly abandoning their claim for contributions not paid on certain of these Managers' hours." *Id.*[4]  However, as the Stipulation and Order of Settlement and Discontinuance in that case makes clear, any dispute regarding the Safety Managers was not included in the settlement, and indeed the terms of the settlement specifically state that "EXTERIOR WALL acknowledges that the FUNDS dispute EXTERIOR WALL's allegations and further acknowledge that the FUNDS claim the contributions are for work performed by employees within the trade and geographical jurisdictions of the Union." Stipulation and Order of Settlement and Discontinuance, ¶3, annexed

---

[3] But see paragraph 25 of their First Amended Answer in which they deny Plaintiffs' claim that "Exterior Wall told the Funds' auditors that in its opinion, it was not required to contribute to the Funds in connection with the Alleged Site Managers' work and that it made these contributions to the Funds 'solely for benefit purposes.'" Doc. 1, ¶25 and Doc. 52, First Amended Answer, ¶25.
[4] The prior action referenced is *Mason Tenders District Council of Greater New York v. Exterior Wall and Building Consultants, Inc.*, Docket No. 12-Civ.-2768 (PAE), filed in the Southern District of New York.

hereto as Exhibit 2 to the Declaration of Joy K. Mele[5]; *see also Burgis v. Dep't of Sanitation City of N.Y.*, 2014 U.S. Dist. LEXIS 44759, *11-12, 2014 WL 1303447 (S.D.N.Y. Mar. 31, 2014) (When documents relied upon in a pleading contradict allegations made in the pleading, "the court cannot accept  as true the contradictory allegations in deciding a motion to dismiss—the court must rely on the documents." (quoting *Schwartzbaum v. Emigrant Mortgage Co.*, 09 Civ. 3848 (SRC), 2010 U.S. Dist. LEXIS 60201, 2010 WL 2484116, at * 3 (S.D.N.Y. June 16, 2010)).

Exterior Wall specifically agreed in the settlement "to remain current on its payment of fringe benefits contributions, dues checkoffs and PAC contributions to the FUNDS and the UNION, pursuant to the terms of its Collective Bargaining Agreement." Ex. 2, ¶8. By expressly agreeing to make all contributions in accordance with the requirements of the CBA, Exterior Wall agreed it would only make contributions for all hours in which its employees performed covered work. Ex. 1, Article VI, pp. 23-27.

## STANDARD OF REVIEW

A.  Legal Standard on a Rule 12(b)(1) Motion to Dismiss

A dismissal of a case under Rule 12(b)(1) is appropriate "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000).  The party asserting subject matter jurisdiction has the burden of proving it. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502 (2d Cir. 1994).  "The party invoking federal jurisdiction must 'allege in [its] pleadings the facts essential to show jurisdiction,' and 'must support [those facts] by competent proof.'" *Tuff-N-Rumble Mgmt, Inc. v. Sugarhill Music Publ'g. Inc.*, 49 F.Supp.2d 673, 6777 (S.D.N.Y. 1999) (quoting *McNutt v. General Motors*

---

[5] The Settlement Agreement has a merger clause, which states that the Settlement Agreement "supersedes all prior agreements and understandings between the Funds and Exterior Wall and constitutes the entire agreement between the Funds and Exterior Wall with respect to the subject matter hereof."  *See* Settlement Agreement at ¶ 12.

*Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780 (1936) (Dismissing defendants' counterclaim for lack of subject matter jurisdiction.). "[A] court must decide a Rule 12(b)(1) question first since it involves a court's jurisdiction." *Alster v. Goord*, 2008 WL 506406, at *2 (S.D.N.Y. Feb. 26, 2008). The legal standard on a Rule 12(b)(1) applies equally to counterclaims. *See Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp. 2d 334 (S.D.N.Y. 2005); *Amalgamated Cotton Garment & Allied Indus. Ret. Fund v. Youngworld Stores Group, Inc.*, 2001 U.S. Dist. LEXIS 3666 (S.D.N.Y. Mar. 30, 2001); *Tuff-N-Rumble Mgmt, Inc. v. Sugarhill Music Publ'g. Inc.*, 49 F.Supp.2d 673, 677 (S.D.N.Y. 1999).

B.  Legal Standard on a Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6) requires dismissal of claims that fail to allege required elements of a cause of action. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1391 n.6 (2014) (Each "element of a cause of action … must be adequately alleged at the pleading stage in order for the case to proceed."); *In re Lululemon Sec. Litig.*, 14 F. Supp. 3d 553, 562 (S.D.N.Y. 2014) (Granting motion to dismiss under 12(b)(6) where defendant argued that complaint "fail[ed] to adequately allege the key elements of a cause of action . . ."); *Burgis v. Dep't of Sanitation City of New York*, 2014 U.S. Dist. LEXIS 44759, *9 (S.D.N.Y. March 31, 2014) (Dismissing action where, *inter alia*, plaintiffs failed to plead required elements of a prima facie case.).

However, formulaic recitals of the elements necessary to state a cause of action are insufficient to save a claim from dismissal under Rule 12(b)(6) if the party making the allegations cannot also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009).  As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss under Rule 12(b)(6). *Id.,* at 678 (citation

omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .") (citation omitted).

## <u>ARGUMENT</u>

### I.   Defendants Cannot Assert an Actionable Claim to Obtain a Refund of Contributions.

In Count I of the Counterclaim, Defendants assert a claim under Section 302 of the Labor Management Relations Act ("LMRA"), seeking to recoup allegedly mistaken contributions paid to the Funds on behalf of its Safety Manager employees.  *See* 29 U.S.C. 186.  Defendants contend they are entitled to a refund because the Safety Managers were not performing covered work, and as such the Funds' retention of the contributions would "unjustly enrich" the Funds.  Doc. 52, Counterclaim, ¶19.

As an initial matter, Defendants' claim that the contributions were "*erroneously* made" is contradicted by their repeated allegations that they *knowingly* made contributions to ensure that the union members employed by Exterior Wall as Safety Managers could maintain their benefits. Doc. 52, Counterclaims, ¶¶6, 7, 9, 10 (emphasis added). The counterclaim should be dismissed for this reason alone. Regardless, Counterclaim I should also be dismissed because the Court lacks subject matter jurisdiction under Rule 12(b)(1), and because it fails to state a claim upon which relief can be granted under Rule 12(b)(6).

As to the former, the Court lacks subject matter jurisdiction to award money damages or other monetary relief under Section 302, including restitution of allegedly mistaken contributions. *Xin Wei Lin v. Chinese Staff & Workers' Ass'n*, 527 F. Appx. 83, 87 (2d Cir. 2013) (Recognizing and agreeing with their "sister circuits [that] have thus far unanimously held that … federal courts

lack jurisdiction to award money damages for violations of . . . [Section 302].") (*citing*, *inter alia*, *Bakerstown Container Corp. v. Intl. Bhd. of Teamsters, etc.*, 884 F.2d 105, 108 (3d Cir. 1989) ("§ 302 [of the LMRA"] does not allow for a private cause of action for damages . . ."), and *McCaffrey v. Rex Motor Transp., Inc.*, 672 F.2d 246, 250 (1st Cir. 1982) ("It is well settled in this Circuit that district courts do not have jurisdiction under § 302(e) to award damages or restitution.")). Defendants' Section 302 counterclaim for a refund of contributions must be dismissed as a matter of law.

Counterclaim I must also be dismissed under Rule 12(b)(6) because Defendants have not pled and indeed cannot state, any cognizable cause of action for a refund of contributions. ERISA provides that a plan administrator may return a mistaken contribution within six months of becoming aware of it.  29 U.S.C. § 1103(c)(2)(A). The Second Circuit has long held that "ERISA *does not require* a refund of overpayments, [but] the fund *is permitted* to do so in accordance with its own policy." *Brown v. Health Care & Retirement Corp. of Am.*, 25 F.3d 90, 93 (2d Cir. 1994) (emphasis added) (*citing Frank L. Ciminelli Constr. Co. v. Buffalo Laborers Supplemental Unemployment Benefit Fund*, 976 F.2d 834, 835 (2d Cir. 1992), and *Dumac v. Forestry Serv., Inc. v. Int'l Bhd. of Elec. Workers*, 814 F.2d 79, 82 (2d Cir. 1987)).

That refunds are permissive, and not required "flows from the special status accorded funds' assets by ERISA," which provides that "'the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose[] of providing benefits to participants in the plan . . .'"  *Brown*, 25 F.3d at 93 (*quoting* 29 U.S.C. § 1103(c)(1)); *see also Dumac* 814 F.2d, at 83 ("It is beyond dispute that protection of the financial integrity of multiemployer pension funds is the touchstone of ERISA."); *Durso v. Cappy's Food Emporium, Ltd.*, 2006 U.S. Dist.

LEXIS 90967, at *5-6 (E.D.N.Y. 2006) ("ERISA is clear in its mandate that the assets of an ERISA plan shall never inure to the benefit of any employer.") (internal quotation omitted).

Defendants' counterclaim must be dismissed, because they fail to allege three necessary elements to state a claim for a refund. First, they fail to allege that they sought a refund from the Funds. *See Bricklayers & Allied Craftworkers Local 2, Albany v. C.G. Yantch Inc*., 316 F. Supp.2d 130, 153 (N.D.N.Y. 2003) (Dismissing counterclaim for a refund where, *inter alia*, "no allegation has been made that a demand for repayment was made to the funds . . ."); *Heffernan v. iCare Mgmt., LLC*, 356 F. Supp. 2d 141, 156 (D. Conn. 2005) (Dismissing refund counterclaim where defendants admit they have not availed themselves of the funds' overpayment collection policies.).

Unless an employer requests a refund directly from the fund, there is no administrative record for the Court to review and, therefore, the Court cannot make a finding as to the second necessary element - that the refund policy is arbitrary and capricious. *See Miller v. United Welfare Fund*, 72 F3d 1066, 1071 (2d Cir. 1995) (Agreeing with the Court's "sister circuits" that, "in reviewing decisions of plan fiduciaries under the arbitrary and capricious standard, district courts may consider only the evidence that the fiduciaries themselves considered."); *Heffernan*, 356 F. Supp. 2d at 156 (Granting Funds' motion to dismiss employers' counterclaim for a refund of contributions where employers failed to allege that the Funds' overpayment policies were arbitrary and capricious and could not do so because "the [e]mployers … ha[d] not yet availed themselves of these policies.").

Defendants do not allege they ever made a request for a refund, and indeed they cannot as no request was ever made. Doc. 52, Counterclaim, ¶11. As Defendants never made a refund request to the Funds, there is no administrative record for the Court to review, and Defendants

cannot, as a matter of law, establish that the Funds' refund policy is arbitrary and capricious. *Miller*, 72 F3d at 1071.

Defendants also fail to allege the second and third necessary elements to state a claim for a refund: that the Funds' refund policy is arbitrary and capricious, and that the balancing of the equities weighs strongly in favor a refund, respectively. To obtain a refund of contributions in contravention of a fund's refund policy, an employer must plead and prove that (i) a trust fund's refund policy is arbitrary and capricious, *and* (ii) a balancing of the equities weighs strongly in favor of a refund. *Dumac,* 814 F.2d at 83 ("Even if plaintiff establishes that the . . . [fund policy] is arbitrary or capricious, it then 'will have to establish that the equities favor restitution in order to succeed on the merits . . .'" quoting *Award Service, Inc. v. Northern California Retail Clerks*, 763 F.2d 1066, 1069 (9th Cir. 1985)); *Ciminelli* 976 F.2d 834 (Affirming district court's dismissal of the employer's claim for recoupment of overpayments where the employer failed to show that the denial of repayment was arbitrary and capricious, and made no attempt to show that the balance of the equities was in its favor.); *C.G. Yantch Inc*., 316 F. Supp.2d at 152 (The Court, in granting the motion to dismiss the employer's counterclaim for a refund of overpayments, stating "[e]ven if there was an overpayment, which the fund arbitrarily and capriciously refused to return, defendants still cannot establish the requirement that the equities favor restitution.").

Even assuming, *arguendo,* that Defendants made a request for a refund *and* alleged that the Fund's refund policy was arbitrary and capricious, they fail to allege any facts alleging that the balance of the equities weighs strongly in favor of a refund. *See Ciminelli,* 976 F.2d at 836 (absent a showing that the "equities *strongly favor*[ ] the employer, the risk of mistake[n] [contributions]

should fall upon the employer") (emphasis added).  And indeed, undisputed facts do not favor a refund.

First, as noted earlier, Defendants consistently maintain that they knowingly made the contributions so that the Safety Managers could retain benefits. Doc. 52, Counterclaims, ¶¶6, 7, 9, 10. Second, the CBAs explicitly state that employers are required to make contributions for all hours of covered work that their employees performed. Ex. 1, Art. VI, Sec.4-14, pp. 23-27. Third, Exterior Wall explicitly agreed in the settlement of the prior litigation that it would "remain current on its payment of fringe benefits contributions, dues checkoffs and PAC contributions to the Funds and the Union, pursuant to the terms of its Collective Bargaining Agreement."  Ex. 2, ¶ 8.

Exterior Wall agreed it would make all required contributions, and further agreed to abide by the CBAs. By entering into the CBAs, and entering into the stipulation in the prior action, the Funds justifiably relied on an assumption that Defendants' contributions were proper. *See e.g., Ciminelli,* 976 F.2d at 835 ("Funds cannot easily determine whether a payment is mistaken, whereas employers have readily available and accurate information concerning factors such as the number of hours each employee worked in each pay period.  Absent costly ongoing audits, funds must depend upon the employers' calculations."); *Board of Trustees v. D'Elia Erectors*, 17 F.Supp.2d 511, n.10 (E.D. Va. 1998) (Funds are not required to investigate all remittance reports and to verify all information provided thereon, because "[t]o mandate such a wasteful expenditure of time by the Funds would directly contravene ERISA's goal of establishing efficient, self-reporting systems."); *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336, 342-43 (D.C. Cir. 1991) ("Trustees remain dependent upon the operators' honesty and accuracy…" concerning contributions and information reported by employers.).

Finally, a refund would result in an unconscionable windfall for Defendants, while exacerbating the damages already suffered by the Funds.  A refund of the amounts already paid would mean that (i) Defendants would end up paying nothing to obtain benefits for their employees, and (ii) the amount by which the Funds have been damaged by conferring benefits on Defendants' employees would increase by hundreds of thousands of dollars.  *See Ciminelli*, 976 F. 2d at 835 ("In determining the balance of equities, particular concern must be given to the effect on the financial stability of the fund.").

Having had the Funds provide benefits for their employees based on the information provided and contributions paid by Defendants, they cannot now claim that the contributions were made in error and seek a refund. There exists no statutory or equitable basis for the relief Defendants seek. *See e.g., Construction Indus. Retirement Fund v. Kasper Trucking*, 10 F.3d 465, (7th Cir. 1993) ("Just as a person who buys term life insurance may not obtain a 'refund' if he survives the term, so a person who pays for health insurance cannot get his money back if he remains healthy"). The Court should dismiss Counterclaim I.

## II. Defendants Have Not Stated, and Cannot State, a Viable Cause of Action for Indemnification.

Count II of the Counterclaim, in which Defendants allege a claim for indemnification against the Union and the Funds, also must be dismissed as a matter of law under Rule 12(b)(6). Defendants have not alleged, and cannot establish, the essential elements of an indemnification claim under New York law.

It is undisputed that there exists no express indemnification agreement.  Where there is no express agreement to indemnify, an indemnification claim must rest upon a theory of vicarious liability. *See Devon Mobile Communs. Liquidating Trust v. Adelphia Communs. Corp.,* 2005 U.S. Dist. LEXIS 4301, at *39 (S.D.N.Y. March 17, 2005) ("It is well settled that absent an express

11

indemnification agreement, implied indemnification is appropriate only in the context of vicarious liability."); *Quintel Corp., N.V. v. CITIBANK, N.A.*, 1984 U.S. Dist. LEXIS 15069, at \*12 (S.D.N.Y. 1984) ("[I]mplied indemnification (where there is no express agreement to indemnify) exists only where one party is vicariously liable for another party's acts or omissions").

To state a claim for implied indemnification, the party seeking indemnity must plead and prove that (1) based solely on its relationship to the actual wrongdoer, it could incur vicarious liability because of a duty imposed by operation of law that exists wholly independently of any particular litigation, and (2) it is blameless for damages suffered by the injured party. *See Mas v. Two Bridges Assocs.*, 75 N.Y.2d 680, 690 (N.Y. 1990) (Indemnification "is available in favor of one who is held responsible solely by operation of law because of his relation to the actual wrongdoer . . ."); *Rosado v. Proctor & Schwartz, Inc.,* 66 N.Y.2d 21, 25 (N.Y. 1985) (A party seeking indemnification "must show that it may not be held responsible in any degree.").

"Indemnity is allowed where the party seeking indemnity is not personally at fault and did not actually contribute to the injury, but was held liable to the plaintiff only vicariously…" *Jordan v. Madison Leasing Co*., 596 F. Supp. 707, 709 (S.D.N.Y. 1984). There can be no indemnity where the "indemnitee's own wrongdoing contributed to the injury suffered". *Devon Mobile Communs. Liquidating Trust*, 2005 U.S. Dist. LEXIS 4301, at \*40 *(citing Tr. of Columbia Univ. v. Mitchell*, 109 A.D.2d 449, 453, 492 N.Y.S.2d 371 (N.Y. App. Div. 1985) ("Since the predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine.")).

Vicarious liability arises from a special relationship between two individuals or entities such that one may be held liable for the tortious acts of the other. *See Mathis v. United Homes,*

*LLC*, 607 F. Supp. 2d 411, 434 (E.D.N.Y. 2009) ("[I]mplied indemnification is only available if an agreement to indemnify can be implied between the parties … due to some special relationship that exists between them or some obligation imposed by law . . ."); *see also Quintel,* 1984 U.S. Dist. LEXIS 15069, at *12 (Examples of parties that may be held vicariously liable for the acts of another include "the employer of a negligent employee, the owner of a motor vehicle operated by a negligent driver, [and] the owner of a building who contracts with an independent contractor.").

The classic relationship that may support an indemnification claim is the relationship between principal and agent, where the principal, as a matter of law, may be held vicariously liable by an injured party for the agent's tortious acts if those acts were committed within the scope of the agency. If, for example, a blameless employer is held liable for the negligent actions of an employee, New York law permits the employer to assert an indemnification claim against the employee to recoup the amount of damages the employer was compelled to pay the injured party.

The relationship giving rise to vicarious liability between the two entities must arise independently of claims alleged against the indemnitee by an injured party. *See e.g. Jay v. OMI Corp.*, 1988 US Dist. LEXIS 1701, at *2 (S.D.N.Y. March 7, 1988) ("In order to impose liability on an indemnity theory, a party seeking indemnity must show the breach of a duty owed to it by the would-be indemnitor. That duty must arise from a source independent of the plaintiff's injury claim."); *Raquet v. Braun*, 90 N.Y.2d 177, 183 (N.Y. 1997) ("[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor . . .'") (*quoting Mas v. Two Bridges Assocs.,* 75 N.Y.2d 680, 690 (1990)).

Where there is no underlying relationship such that, by operation of law, one party has a duty to answer for the wrongful acts of another, a viable indemnification claim does not exist. *See*

13

*AmTrust N. Am., Inc. v. Safebuilt Ins. Servs.*, 2015 U.S. Dist. LEXIS 162515, at *21-22 (S.D.N.Y. December 1, 2015) (Dismissing indemnification claim because party seeking indemnity alleged "no duty … on which to base such a claim."); *Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, 2002 U.S. Dist. LEXIS 4636, at *44 (S.D.N.Y. March 20, 2002) (Dismissing the common law indemnification claim where there existed no special relationship between the party seeking indemnification and the proposed indemnitees.); *O'Connor v. Lowe's Home Ctrs., Inc.*, 2015 U.S. Dist. LEXIS 14335, at *24 (N.D.N.Y. February 6, 2015) ("[C]ommon law indemnification is only available where a party is held liable or exposed to liability solely by operation of law or vicarious liability.").

A viable claim for indemnification also does not exist when the party asserting an indemnification claim may be held liable in an underlying action for its own misconduct.  *See Campers' World Int'l v. Perry Ellis Int'l, Inc.,* 2002 U.S. Dist. LEXIS 14909, at *18 (S.D.N.Y. Aug. 13, 2002) (*"*The predicate of common-law indemnity is vicarious liability without actual fault on the party of the proposed indemnitee") (citation omitted).   Parties "being sued entirely for their own alleged wrongdoing, [rather than] derivatively" cannot state a claim for "common-law indemnification."  *Miloscia v. B.R. Guest Holdings, LLC*, 94 A.D.3d 563, 565 (1st Dep't 2012); *see also e.g., OneBeacon Am. Ins. Co. v. Comsec Ventures Int'l, Inc.,* 2010 U.S. Dist. LEXIS 1193, at *21 (N.D.N.Y. Jan. 7, 2010) (because defendant was sued "for its own independent acts of negligence, and thus is liable only to the extent of its own fault, the principles of indemnification do not apply and its claim for indemnification cannot survive"); *Lehr Assoc. Consulting Engrs., LLP v. Daikin AC (Ams.) Inc.,* 133 AD3d 533, 533-534 (1st Dept. 2015) (indemnification cause of action not available because party seeking indemnification was being sued for its own misconduct; therefore, liability was not vicarious but would be predicated on actual fault).

Defendants have no claim for implied indemnification. Defendants devote two paragraphs to their indemnification claim, and those two paragraphs are devoid of any allegations concerning vicarious liability or a special relationship.[6] Nor do Defendants allege they are blameless for the damages suffered by the Funds. On the contrary, they repeatedly admit they knowingly paid the contributions. Doc. 52, Counterclaims, ¶¶6, 7, 9, 10.

Defendants' counterclaim also fails because it rests entirely on Plaintiffs' claims against them which Plaintiffs allege were due to Defendants' own misconduct. Plaintiffs assert causes of action against Defendants seeking damages for, *inter alia*, breach of contract, ERISA violations, and fraud. Defendants are sued, not derivatively, but for their own wrongdoing, and as such there exists no independent  indemnification claim. Countclaim II must be dismissed as a matter of law.[7]

## III. Defendants Should Not Be Permitted to Replead.

Though they have not requested to do so in their response to Plaintiffs' pre-motion letter (Doc. 54), any request by Defendants to amend their counterclaims should be denied as any amendment would be futile. *See* Individual Practices of Judge P. Kevin Castel, ¶4.A.1; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] causes of action is

---

[6] There is no relationship between Defendants and the Union or the Funds capable of giving rise to a legal duty pursuant to which Defendants could be held vicariously liable for the acts of either the Union or the Funds (i.e., there is no principal-agent or similar relationship that exists independently of Plaintiffs' claims in this litigation between any Defendant and the Union or the Funds). Nor do the collective bargaining agreements between the Union and Defendants create such a relationship.  With respect to the contributions, the Union has no obligations to Defendants; rather all contractual obligations run in the other direction, *i.e.,* from the Defendants to the Union.  Additionally, the Funds, as non-signatory third party beneficiaries of the CBAs, have no obligations to the Defendants. Their role is merely to accept the contributions paid in by Defendants. Ex. 1. As such, Defendants' liability to Plaintiffs arises solely out of Defendants' own acts or omissions, not from the contractual relationship between Defendants and Plaintiffs.

[7] To the extent Defendants' allegation that a finding of liability against the Defendants would be "a result of the fraud . . . [Plaintiffs] perpetrated upon Exterior Wall" (Doc. 52, Counterclaim, ¶19) can be construed as a counterclaim for fraud, the counterclaim fails to comply with the strict pleading requirements of Rule 9(b). Fed.R.Civ.P. 9(b); *see also Solomon v. Saril Apparel*, 1993 U.S. Dist. LEXIS 14189, at *22 (S.D.N.Y. 1993) ("Fraud 'allegations ought to specify the time, place, speeches and content of all alleged misrepresentations'") (*quoting DiVittorio v. Equidyne Extractive Industries*, 822 F.2d 1242, 1247 (2d Cir. 1987)).

substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied"); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (if a plaintiff cannot demonstrate the ability to amend the complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied") (citation omitted); *Am. Fed'n of Musicians and Employers' Pension Fund v. Atl. Recording Corp.*, 2016 U.S. Dist. LEXIS 112434, at *26 (S.D.N.Y. Aug. 23, 2016) (dismissing claim and denying leave to replead because "any attempt to replead [would have been] futile.") (citation omitted).

## <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs' motion to dismiss the counterclaims should be granted in its entirety.

Dated: New York, New York
     February 3, 2017

Respectfully submitted,

_____/s/ Joy K. Mele_____
Andrew A. Gorlick
Joy K. Mele
Gorlick, Kravitz & Listhaus, P.C.
17 State Street
New York, NY 10004
(212) 269-2500

16

**CERTIFICATE OF SERVICE**

I, Joy K. Mele, hereby certify that I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS with the Clerk of the Court using the CM/ECF system, and that notification pursuant to the CM/ECF system will be sent to:

> Alan I. Model, Esq.
> LITTLER MENDELSOHN, P.C.
> One Newark Center, 8th Floor
> Newark, NJ 07102
>
> Lindsay M. Sorin, Esq.
> LITTLER MENDELSOHN, P.C.
> One Newark Center, 8th Floor
> Newark, NJ 07102

This the 3rd day of February, 2017.

> _____/s/ Joy K. Mele_____
> Joy K. Mele

17